UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BURTON GENE DAY, | No. C 13-3436 LB |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | [Re: ECF Nos. 1, 4] |
| DOLLY MATTEUCCI, | |
| Defendant. | |
| _____/ | |

**INTRODUCTION**

Burton Gene Day, an inmate at Napa State Hospital ("NSH"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and gives Day leave to file an amended complaint. This order also grants Day's *in forma pauperis* application and imposes a partial filing fee.

**STATEMENT**

Day alleges in his complaint that he has been subjected to "discriminatory" treatment. ECF No. 1 at 3. He allegedly wishes to be transferred to an open unit (i.e., a less structured housing area) at NSH, but has been informed that any patient wishing to transfer to an open unit "must consent to, and [be] willing to consider and take a CONREP group and also be willing to go out on CONREP

(outpatient status)." *Id.*[1] Day apparently does not want to participate in the CONREP program, and does not believe that housing in the open unit should be contingent on participation in the CONREP program. He further alleges that, because California Penal Code § 1026 does not impose a requirement that a patient enter the community via the CONREP program, the policy requiring an inmate to participate in the CONREP program in order to be housed in an open unit is discriminatory. *Id.*

## ANALYSIS

### A. Legal Standards

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to

---

[1]The California Department of State Hospital's conditional release program, CONREP, is a "statewide system of community-based mental health treatment services for specified court-ordered forensic individuals. . . . The goal of CONREP is to ensure greater public protection in California communities via an effective and standardized community outpatient treatment system." Forensics: Conditional Release Program (CONREP), http://www.dsh.ca.gov/Forensics/CONREP.asp. CONREP clients include individuals who have been found not guilty by reason of insanity and individuals found incompetent to stand trial, as well as mentally disordered offenders, mentally disordered sex offenders and sexually violent predators. *See id.*

C 13-3436 LB
ORDER 2

relief that is plausible on its face." *Id.* at 570. *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Review of Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). "To state a § 1983 claim for violation of the Equal Protection Clause '"a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation omitted).

The complaint fails to state a claim upon which relief may be granted. The complaint's allegations that patients who do not want to participate in CONREP are not considered for placement in the open unit shows different treatment of differently situated people. "Evidence of different treatment of unlike groups does not support an equal protection claim." *Thornton*, 425 F.3d at 1168. Leave to amend will be granted so that Day may attempt to allege a claim for a violation of his right to equal protection if he has additional facts to plead.

In his amended complaint, Day must be careful to allege facts showing the basis for liability for each defendant for each of his legal claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Day is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A

supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **October 25, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Day is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he would not have to plead any claims that the court dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

Day's *in forma pauperis* application is GRANTED. (ECF No. 4.) Day must pay a partial filing fee of $25.00 (twenty-five dollars) no later than **October 25, 2013**. Failure to pay the partial filing fee by the deadline will result in the dismissal of this action

**IT IS SO ORDERED.**

Dated: September 20, 2013

_____
LAUREL BEELER
United States Magistrate Judge